# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| Standard Insurance Company, | Court File No. 22-cv-216 |
| Plaintiff, | |
| v. | **INTERPLEADER COMPLAINT** |
| Craig Miller, Markell Young and Foster Funeral Service LLC, | |
| Defendants. | |

Pursuant to Rule 22 of the Federal Rules of Civil Procedure, Plaintiff Standard Insurance Company ("Standard") commences this interpleader action with respect to life insurance benefits payable as the result of the death of Arnita Young ("Decedent") and states as follows:

1.    Standard is an Oregon corporation with its principal place of business located at 900 Southwest Fifth Avenue, Portland, Oregon 97024.

2.    Upon information and belief, Defendant Craig Miller is currently incarcerated at 4160 North Port Washington Road, Milwaukee, Wisconsin.

3.    Upon information and belief, Defendant Markell Young currently resides at 2832 Coolidge Street, Madison, Wisconsin 53704.

4.    Upon information and belief, Defendant Foster Funeral Service LLC d/b/a Foster Funeral & Cremation Service is a Wisconsin Limited Liability Company with its principal place of business located at 2737 Coho Street, Madison Wisconsin, 53713.

2572656

5.    This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 as the Plaintiff is of diverse citizenship from the Defendants and the amount in controversy exceeds $75,000.

6.    Venue is appropriate as one or more of the Defendants resides in this District.

7.    Standard issued insurance policy number 754764 to the Madison Metropolitan School District (the "Policy").

8.    The Decedent, as a benefit of her employment with Madison Metropolitan School District, received life insurance coverage in the amount of $92,000.

9.    In her most recent beneficiary designation form, Decedent identified her then spouse, Defendant Craig Miller, and her son Markell Young as co-beneficiaries to the life insurance proceeds.

10.   Decedent and Defendant Craig Miller, by Order dated January 6, 2020, were divorced. The January 6, 2020 Order does not discuss the life insurance proceeds potentially payable under the Policy.

11.   Wisconsin Statutes § 854.15 provides that divorce revokes the life insurance beneficiary designation of an ex-spouse.

12.   Decedent died on January 2, 2022.

13.   Upon information and belief, funeral services for the Decedent were provided by Defendant Foster Funeral & Cremation Service.

14.   Upon information and belief, in consideration for the funeral services provided, Defendant Craig Miller and Defendant Markell Young executed an irrevocable

assignment in favor of Defendant Foster Funeral & Cremation Service (the "Assignment").

15. The Assignment purports to direct Standard to pay $12,034.90 of the life insurance proceeds to Defendant Foster Funeral Service LLC.

16. Defendants have made competing claims to the life insurance proceeds payable on the death of Decedent.

17. Standard is an innocent stakeholder and is unable to determine which of the adverse claimants is entitled to the life insurance proceeds. As a result, Standard faces the threat of multiple actions and multiple liabilities.

18. The adverse claims to the life insurance proceeds have caused Standard, which claims no beneficial interest in the life insurance benefits, to refrain from making payment.

19. Standard seeks to have the Defendants interplead and resolve their competing claims to the life insurance proceeds and be discharged from all further liability in this litigation.

WHEREFORE, Standard Insurance Company requests the following relief:

1. Leave to deposit the life insurance proceeds in the Court.

2. An Order discharging Standard from all further and additional liability with respect to the life insurance proceeds payable as the result of the death of the Decedent and dismissing it with prejudice from this action.

3. An Order requiring the Defendants to interplead their respective claims in the amount so paid into the Court.

4. In the event that additional persons not yet named as parties to this action are or may be entitled to all or any part of life insurance proceeds payable as the

result of the death of Decedent, an Order directing that such persons or entities be made parties to this action and to respond to this Complaint.

5. An Order restraining and enjoining Defendants, together with all other persons acting in concert with them or on their behalf, and any other persons joined in this or any other jurisdiction, from taking any further action or asserting any other claims against Standard by reason of the life insurance proceeds payable as a result of the death of Decedent.

6. An award of Standard's costs and attorney's fees, to be paid out of the life insurance proceeds payable as a result of the death of Decedent.

7. Such other relief as this Court deems just and equitable.

**MESSERLI & KRAMER, P.A.**

Dated:  April 15, 2022

By:   /s/ *Terrance J. Wagener*
Terrance J. Wagener (1038559)
1400 Fifth Street Towers
100 South Fifth Street
Minneapolis, MN 55402-1217
Telephone: (612) 672-3600
twagener@messerlikramer.com

**ATTORNEYS FOR PLAINTIFF**